### DANIEL et al. v. UNITED STATES.
### No. 2201.

District Court, W. D. Louisiana, Monroe Division.
July 19, 1937.

J. B. Dawkins, of Monroe, La. and R. L. Williams, of Arcadia, La., for plaintiffs.

Philip H. Mecom, U. S. Atty., of Shreveport, La., E. A. Mottet, Asst. U. S. Atty., of Houston, Tex., and H. G. Fields, U. S. Atty., and M. E. Lafargue, Asst. U. S. Atty., both of Shreveport, La.

DAWKINS, District Judge.

The plaintiffs are the administrators of the estate of Philip Moore Lewis, deceased, and the alleged beneficiary under a policy of war risk insurance, upon which they seek recovery.

The exception of no cause of action is directed to the allegations with reference to when the alleged disability arose, reading as follows:

"7. Complainants further aver that while the insurance on the life of Philip Moore Lewis was still in force and effect, and while he was still in the service of the United States Army, he contracted a disease of the heart and kidneys, which upon his discharge on the date aforesaid, had not yet rendered him totally incapable of any work of a reasonable nature, but a short time after his discharge, progressed to such an extent as to not only render the said veteran totally incapable of performing any work or labor whatsoever, but which also confined him to his bed, and finally resulted in his death on or about the 17th day of September, 1920."

"8. That by reason of the foregoing premiums, the said Philip Moore Lewis' insurance matured on or before the date of his discharge, and said veteran did then and there become entitled to his permanent and total benefits, as in said contract provided, but that before the said Philip Moore Lewis could secure the payment of same, he died from the effects of the disease from which he suffered."

It is contended by the government that it was necessary for the plaintiffs to allege a specific date when the total and permanent disability began and falling within the life of the policy, that is, before March 31, 1919. I think, however, that instead, the defendant is entitled to have the petitioners amend their complaint to show just when, or the latest date at which, such disability accrued. In other words, the allegations are uncertain, and the amendment should clear the matter up to

permit proper pleading by the defendant, and for the present the exception will be treated as a motion for a bill of particulars.

The exception will be overruled, with leave to plaintiffs to amend their petition by alleging the date when the deceased became totally and permanently disabled; and unless this is done within thirty days from this date, the petition will be dismissed. After the amendment, if the conditions warrant and the defendant so desires, it may renew its exception of no cause of action.